**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN PAUL JONES, III, <br>            Appellant, | DOCKET NUMBER <br> DE-3330-15-0170-I-1 |
|      v. | |
| DEPARTMENT OF HEALTH AND <br>   HUMAN SERVICES, <br>            Agency. | DATE: July 9, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Corey Thompson</u>, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.[2]  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[3]  Therefore, we

---

[2] Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded these experiences in reaching its decision that the appellant was not qualified for a given position of employment.  *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014).  The record does not support the appellant's argument on review that the agency failed to consider the duties that he performed in the military as a Medical Corpsman during the Vietnam War in determining that he was not qualified for the announced GS-15 Lead Health Advisor position.  Petition for Review (PFR) File, Tab 1 at 15-16; Initial Appeal File (IAF), Tab 11 at 6-8.  Although the human resources specialist who reviewed the appellant's application package was unable to read the pages that he submitted in Arabic, he states that he fully explained the significance of those documents in English.  PFR File, Tab 1 at 14; IAF, Tab 8 at 54-58, Tab 11 at 7.  Moreover, he did not provide an English translation of his Arabic documents for the Board or identify any qualifying, specialized experience therein that is relevant to the position he sought.  We have considered the appellant's remaining arguments on review.  PFR File, Tab 1 at 6-8, 21.  We find that his arguments present no legal basis to disturb the initial decision denying his request for corrective action under VEOA.  Although he also claims that the agency committed prohibited personnel practices, the Board has no jurisdiction under VEOA to consider this claim.  PFR File, Tab 1 at 16-17; *see Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005).

[3] On review, the appellant submitted excerpts from MSPB Docket No. DE-4324-15-0238-I-1, in which he alleges that the agency violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA).  PFR File, Tab 1 at 14-16; *see* IAF, Tab 12, Initial Decision (ID) at 7.  Because his USSERA claims are the subject of a separate appeal pending before an administrative judge, those claims are not properly before the Board in this

DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

proceeding.  *See* ID at 7; *Jones v. Department of Health & Human Services*, MSPB Lead Docket No. DE-4324-15-0233-I-1 (eight joined USERRA appeals, including MSPB Docket No. DE-4324-15-0238-I-1, pending adjudication in the Board's Denver Field Office).

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 　　　　　　　　_____

　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.